IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
CHATTANOOGA DIVISION

**KIYAH A. LATHAM,** *Individually,*
*and on behalf of herself and other*
*similarly situated current and former employees,*

    Plaintiff,

        v.                      Case No. _____

**LIFE CARE CENTERS OF**
**AMERICA, INC.** and **RED BANK**
**OPERATIONS, LLC,**

                                      FLSA 216(b) Action
                                      JURY DEMANDED

    Defendants.

---

## ORIGINAL FLSA MULTI-PLAINTIFF ACTION COMPLAINT

Named Plaintiff, Kiyah A. Latham ("Plaintiff"), individually, and on behalf of herself and all other similarly situated non-exempt nursing-related employees of Life Care Centers of America, Inc. and Red Bank Operations, LLC ("Defendants") files this Original FLSA Multi-Plaintiff Action Complaint against Defendants and alleges as follows:

### I. INTRODUCTION

1. This lawsuit is brought against Defendants as a Fair Labor Standards Act ("FLSA") Multi-Plaintiff Action Complaint under 29 U.S.C. § 201, *et seq.*, to recover unpaid overtime compensation and other damages owed to Plaintiff and other similarly situated non-exempt nursing-related employees.

1

2. Plaintiff Kiyah A. Latham brings this action on behalf of herself, individually, and on behalf of herself and other non-exempt nursing-related employees of Defendants as an FLSA multi-plaintiff action to recover unpaid overtime and other damages.

3. Plaintiff and those similarly situated worked for Defendants as non-exempt nursing-related employees during all times material herein.

4. Plaintiff and those similarly situated worked more than 80 hours for Defendants within bi-weekly pay periods during all times pertinent without being paid for all such overtime hours at the applicable FLSA overtime compensation rates of pay.

5. Defendants automatically deducted thirty (30) minutes per shift from the work time (and pay) of Plaintiff and those similarly situated within bi-weekly pay periods during all times material herein.

6. However, Defendants failed to provide Plaintiff and those similarly situated with *bona fide* meal breaks, as addressed below.

## II. JURISDICTION AND VENUE

7. Jurisdiction over the unpaid wage claims of Plaintiff and other similarly situated non-exempt nursing-related employees are based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

8. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c) because Plaintiff worked for Defendants in this district during all times pertinent to this action. Moreover, Defendants' headquarters are located in this district. In addition, Defendants regularly conducted and continue to conduct business in this district, and has engaged, and continue to engage, in the FLSA violations alleged herein in this district during all times relevant to this case.

## III. COVERAGE

9. Plaintiff and those similarly situated have been "employees" of Defendants, as defined by Section 203(e)(1) of the FLSA, and worked for Defendants within the territory of the United States within three (3) years preceding the filing of this lawsuit during all times material to this Original FLSA Multi-Plaintiff Complaint.

10. Defendants have been the "employer" of Plaintiff and those similarly situated within the meaning of 29 U.S.C. § 203(d), during all times relevant to this action.

11. Defendants have been an enterprise engaged in commerce and in the production of goods for commerce as defined by Section 203(s)(1) of the FLSA, with annual revenue in excess of $500,000.00 during all times material to this action.

12. Defendants have been an enterprise within the meaning of Section 203(r) of the FLSA during all times pertinent.

13. At all times material to this action, Defendants have been subject to the pay requirements of the FLSA because and they have been an enterprise engaged in interstate commerce and in the production of goods in interstate commerce, and its employees have been engaged in interstate commerce.

## IV. PARTIES

14. Plaintiff, Kiyah A. Latham, is an adult citizen of the United States and was employed by Defendants as a non-exempt nursing-related employee within this district at all times material to this multi-plaintiff action. Plaintiff Latham's "Consent to Join" is attached hereto as *Exhibit A*.

15. Defendant, Life Care Centers of America, Inc. is a Tennessee corporation with its principal address listed as 3570 Keith Street NW, Cleveland, Tennessee 37312.

16. Defendant's registered agent to receive process is Forrest Preston (or his successor) at 3570 Keith Street NW, Cleveland, Tennessee 37312.

17. Defendant, Red Bank Operations, LLC, is a Tennessee limited liability company with its principal address listed as 3570 Keith Street NW, Cleveland, Tennessee 37312. Its registered agent is Forrest Preston (or his successor) at 3570 Keith Street NW, Cleveland, Tennessee 37312.

18. Defendants have been an integrated enterprise as defined by the FLSA during all times relevant – as reflected in their common address and centralized operations.

19. Defendants have been joint employers of Plaintiff and other similarly situated non-exempt nursing-related employees during all times relevant - as reflected in their common address and centralized operations.

## V. FACTUAL ALLEGATIONS

20. Defendant, Life Care Centers of America, Inc., is the largest privately held long-term elderly care company in the United States with 254 facilities in 27 states, with 32,966 beds in such facilities.

21. Defendants employ 42,000 employees, including mostly non-exempt nursing-related employees, such as Plaintiff and those similarly situated.

22. Defendants are accredited by The Joint Commission and are subject to the health regulations of the Tennessee Department of Health, the Tennessee Health Facilities Commission and of the health-related agencies and departments in the other 26 states in which they own, operate, and manage long-term care.

23. Plaintiff and those similarly situated were employed by Defendants during all times material to this action.

4

24. Defendants have had a centralized time keeping system to record the compensable time of Plaintiff and those similarly situated during all times relevant.

25. Plaintiff and those similarly situated worked in excess of 80 hours within bi-weekly pay periods for Defendants without being paid for all their overtime hours at the applicable FLSA overtime compensation rates of pay during all times relevant.

26. Defendants either failed to record all the compensable hours of Plaintiff and those similarly situated into their time keeping system or deducted ("edited-out") some of their compensable time from their time keeping system during all times pertinent.

27. Defendants employed Plaintiffs and those similarly situated to provide nursing-related services to their residents/patients in compliance with the medical "Standards of Care" required by The Joint Commission, the Tennessee Department of Health, the Tennessee Health Facilities Commission and by the other 26 states in which they own, operate, and manage long-term care.

28. In order to comply with the medical "Standards of Care" requirements of The Joint Commission, the Tennessee Department of Health, the Tennessee Health Facilities Commission and with the other 26 state health-related agencies and departments, Defendants have had a common plan, policy and practice of requiring Plaintiff and those similarly situated to remain on Defendants' premises during meal breaks and provide continuous nursing-related care to patients/residents throughout their entire shifts, including during 30-minute unpaid meal breaks.

29. Defendants automatically deducted thirty (30) minutes from the pay of Plaintiff and other similarly situated non-exempt nursing-related employees for each of their work shifts,

despite their not receiving a full, uninterrupted, 30-minute unpaid meal period during such shifts – during all times material to this action.

30. Defendants knew Plaintiff and other similarly situated non-exempt nursing-related employees did not receive full, uninterrupted 30-minute meal breaks during their work shifts because:

   (a) They had to remain on Defendants' premises and provide continuous nursing-related services to their patients/residents during their 30-minute unpaid meal breaks in order to comply with the medical "Standards of Care" required by The Joint Commission, the Tennessee Department of Health, the Tennessee Health Facilities Commission and by the other 26 state health-related agencies and departments;

   (b) They were subject to interruptions with work duties during any attempted meal period;

   (c) They had to skip their meal period entirely due to work demands, and/or

   (d) Their meal period consisted of less than thirty (30) consecutive minutes.

31. The Fair Labor Standards Act requires employers that provide unpaid meal breaks to fully relieve employees of any job duties during such time in order for such meal break time to be deducted from their compensable time and pay.

32. Plaintiff and those similarly situated were not provided meal breaks in which they were fully relieved of their job duties as required by the FLSA.

33. As a result, Defendants did not provide a *bona fide* 30-minute unpaid meal break plan (applicable to Plaintiff and those similarly situated) during all times relevant to this action.

34. Due to their failure of providing Plaintiff and similarly situated non-exempt nursing-related employees with a *bona fide* meal break plan during all times material, Defendants' policy

of requiring Plaintiff and those similarly situated to record missed meal breaks on a form provided for such purpose is invalid, inapplicable, misplaced, and unenforceable.

35. As a result, Plaintiff and similarly situated non-exempt nursing-related employees are owed the applicable FLSA overtime compensation rates of pay for each of their 30 minutes of unpaid meal breaks per shift within bi-weekly pay periods in which they worked at least 80 hours during all times material.

36. Defendants knew or should have known that they were subject to the FLSA, including its overtime provisions.

37. The unpaid overtime compensation claims of Plaintiff and those similarly situated are unified through common theories of Defendants' FLSA violations.

38. Defendants failed to maintain accurate and timely pay records of Plaintiff and those similarly situated, as required by the FLSA.

39. Defendants' conduct was willful with reckless disregard of the FLSA overtime requirements, and without a good faith basis.

40. As a result of Defendants' willful failure to pay Plaintiff and those similarly situated in compliance with the applicable overtime compensation requirements of the FLSA, they have suffered lost wages as well as other damages.

41. Defendants' scheme of failing to compensate Plaintiff and similarly situated employees for all their overtime compensation was to save payroll costs and payroll taxes, all for which they have unjustly enriched themselves, and enjoyed ill gained profits at the expense of Plaintiff and others similarly situated.

## VI. MULTI-PLAINTIFF ACTION ALLEGATIONS

42. Plaintiff brings this as a Multi-Plaintiff Action pursuant to 29 U.S.C. § 216(b).

7

Case 1:25-cv-00377-TRM-CHS   Document 1   Filed 12/17/25   Page 7 of 11   PageID #: 7

43. Plaintiff's claims under the FLSA may be pursued by those who opt-in to join this cause of action under 29 U.S.C. § 216(b).

44. Plaintiff seeks to send notice of this action and allow the opportunity for the following similarly situated potential plaintiffs to opt-in and join this lawsuit:

> All current and former non-exempt nursing-related employees of Defendants who received an automatic meal break deduction per shift within bi-weekly pay periods at any time during the past 3 years anywhere in the United States up to and including the present and who is a Named Plaintiff(s) or elects to join this action pursuant to the FLSA, 29 U.S.C. § 216(b) ("potential plaintiffs").

45. Plaintiff and potential plaintiffs are similarly situated as their claims are based on Defendants' invalid and unenforceable "meal break" plan, policy, and practice, as previously described.

46. Plaintiff and potential plaintiffs are similarly situated in that they were similarly deprived of overtime compensation as a result of Defendants' common plan, policy and practice of automatically deducting 30 minutes of time from their pay each work shift within bi-weekly pay periods based on an invalid "meal break" plan.

47. Plaintiff and potential plaintiffs are similarly situated in that their claims are united through common theories of the Defendants' FLSA statutory violations.

48. Defendants acted willfully with reckless disregard of established FLSA overtime wage requirements by its failure to compensate Plaintiff and potential plaintiffs for their 30-minute meal breaks during all times pertinent.

49. Defendants do not have a good faith basis for their violations.

50. Plaintiff and potential plaintiffs have suffered, and will continue to suffer, irreparable damages from the unlawful compensation plans, policies and practices of Defendants.

51. Plaintiff requests this Court to authorize notice to potential plaintiffs and to inform them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking unpaid overtime compensation as well as liquidated damages under the FLSA, and for the other relief requested herein.

52. The precise number of potential plaintiffs is unknown by Plaintiff at this time.

53. However, the precise number of potential plaintiffs can be easily ascertained by examining Defendants' payroll, scheduling, time keeping, personnel and other work-related records and documents.

54. Potential plaintiffs may be informed of the pendency of this action directly via U.S. mail, text messages and e-mail, and by posting notice in all of Defendants' offices and nursing homes.

## COUNT I
## FLSA OVERTIME WAGE VIOLATIONS

55. Plaintiff repeats and re-alleges each preceding paragraph as if it were fully set forth herein.

56. Defendants are subject to the FLSA.

57. Plaintiff and those similarly situated are covered by the FLSA.

58. Defendants failed to pay Plaintiff those similarly situated for all overtime hours at the applicable FLSA overtime compensation rates of pay within bi-weekly pay period during all times material to this Complaint, as previously described.

59. Defendants had a common plan, policy and practice of failing to pay Plaintiff and those similarly situated for 30-minute unpaid meal breaks at the applicable FLSA overtime compensation rates of pay within bi-weekly pay periods during all times material, as previously described.

60. Defendants have had actual as well as constructive knowledge of willfully failing to pay

Plaintiff and potential plaintiffs at least the applicable FLSA overtime compensation rates of pay within bi-weekly pay periods during all times material to this action.

61. The unpaid overtime claims of Plaintiff and those similarly situated are unified through common theories of Defendants' FLSA violations.

62. Defendants failed to maintain accurate and timely pay records of Plaintiff and those similarly situated in violation of the FLSA.

63. Defendants' conduct was willful with reckless disregard of clearly established FLSA overtime compensation requirements.

64. Defendants' conduct was without a good faith basis.

65. As a result, Defendants have violated and continue to violate the overtime provisions of the FLSA, 29 U.S.C. § 255(a).

66. Plaintiff and those similarly situated are entitled and hereby seek to recover from Defendants: unpaid overtime compensation, an additional equal amount as liquidated damages, as well as interest, reasonable attorneys' fees, costs, and disbursements relating to this action for the three-year statutory period under the FLSA. 29 U.S.C. § 216(b).

## **PRAYER FOR RELIEF**

WHEREAS, Plaintiff, individually, and on behalf of herself and all potential plaintiffs, requests this Court to grant the following relief against Defendants:

A. Promptly issue notice pursuant to 29 U.S.C. § 216(b), apprising potential plaintiffs of the pendency of this action and permitting them the right to opt-in (or join) to this action and assert timely FLSA claims by filing individual consents under 29 U.S.C. § 216(b);

B. An award of compensation for unpaid overtime wages to Plaintiff and potential plaintiffs;

C. An award of liquidated damages to Plaintiff and potential plaintiffs;

D.  An award of prejudgment interest (to the extent liquidated damages are not awarded) and post-judgment interest at the applicable legal rate to Plaintiff and potential plaintiffs;

E.  An award of costs, expenses, and disbursements relating to this action together with reasonable attorneys' fees and expert fees to Plaintiff and potential plaintiffs;

F.  A ruling that the three-year statutory period for willful violations under the FLSA shall apply in this action; and

G.  Such other general and specific relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demand a **TRIAL BY JURY** on all issues so triable.

Dated: December 17, 2025.                    Respectfully Submitted,

*s/*J. Russ Bryant
Gordon E. Jackson (TN BPR #8323)
J. Russ Bryant (TN BPR #33830)
J. Joseph Leatherwood IV (TN BPR #39490)
**JACKSON, SHIELDS, HOLT OWEN & BRYANT**
Attorneys at Law
262 German Oak Drive
Memphis, Tennessee 38018
Telephone: (901) 754-8001
Facsimile: (901) 754-8524
*gjackson@jsyc.com*
*rbryant@jsyc.com*
*jleatherwood@jsyc.com*

***ATTORNEYS FOR PLAINTIFF AND FOR OTHERS SIMILARLY SITUATED***